IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NING YUAN ) | |
|     Plaintiff ) | |
| ) | |
| vs. ) | C.A.No. 08-201Erie |
| ) | |
| HAROLD HECKLER, et al., ) | Magistrate Judge Baxter |
|     Defendants. ) | |

# MEMORANDUM OPINION [1]

Magistrate Judge Susan Paradise Baxter

### A.     Relevant Procedural History

On July 9, 2008, Plaintiff, a prisoner who was then incarcerated at SCI-Albion in Albion, Pennsylvania, filed the instant action claiming that he has been the victim of several acts of retaliation by Defendants. As Defendants to this action, Plaintiff has named: Harold Heckler, School Principal; Correctional Officer Hewitt; Correctional Officer Grinnel; Sgt. Thomas; and Lt. Ransom. As relief, Plaintiff seeks monetary damages.

Defendants have filed a motion for summary judgment. Document # 21. Despite being given the opportunity to do so, Plaintiff has not filed a brief in opposition to the pending dispositive motion. See Documents ## 24, 25 and 27.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment. Documents # 4, 15.

1

**B.     Standards of Review**

    **1.     *Pro se* Litigants**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520-521 (1972).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements.  Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).  Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

    **2.     Motion for summary judgment**

Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment shall be granted if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment

as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Company, 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Company v. Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to

3

his claim.  Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law.  Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986).  Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Company of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982).  Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson, 477 U.S. at 247-249.

### C.     Plaintiff's Allegations

Plaintiff alleges that after he filed an inmate grievance (about a matter unrelated to the instant action) on October 23, 2007, he was served with a misconduct by Mr. Smay on November 2, 2007, and received 15 days cell restriction as a result.  Document # 3, ¶ 1.  Then, on November 5, 2007, Plaintiff filed a grievance regarding the November 2nd misconduct and Defendant Heckler denied that grievance.  Id. at ¶¶ 3, 4.

Thereafter, Plaintiff alleges that, on November 28, 2007, Defendant Heckler refused to allow him to resume his job as a tutor despite approval by Plaintiff's direct supervisor.  Plaintiff alleges that this denial was in retaliation for the previously-filed grievances.  Id. at ¶¶ 5,6.  On December 19, 2007, Defendant Heckler allegedly directed Plaintiff to stop filing request slips pertaining to the tutor job, and after that discussion, Plaintiff's request slips went unanswered. Id. at ¶ 9.

On February 26, 2008, Plaintiff filed a grievance regarding the non-reinstatement to his former tutoring position.  Id. at ¶18.  Following the filing of the final appeal of this grievance, his cell was searched on March 26, 2008, by Defendants Hewitt and Grinnell, with Defendants confiscating numerous items from the cell.  Id. at ¶¶ 20-22.  Plaintiff claims he reported the search to Defendant Ransom, who then directed Defendant Thomas to search Plaintiff's cell a second time.  Id. at ¶ 25.  Plaintiff alleges that Defendant Thomas searched the cell outside of his presence, and confiscated additional items and damaged his watch.  Id. at ¶¶ 25-27.

**D.     Retaliation**

"Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under section 1983."  See White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir.1990).  "Government actions, which standing alone, do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right."  Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003),  quoting Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000).

In order to state a *prima facie* case of retaliation, a prisoner plaintiff  must demonstrate:

> 1) the conduct in which he was engaged was constitutionally protected;
>
> 2) he suffered "adverse action" at the hands of prison officials; and
>
> 3) his constitutionally protected conduct was a substantial or motivating factor in the decisions to discipline him.

Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002), quoting Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).  The Third Circuit has directed that district courts should look carefully at

5

allegations of retaliation. "Because of many prisoners' propensity to wield retaliation claims when confronted with disciplinary actions, district courts must view prisoners' retaliation claims with sufficient skepticism to avoid becoming entangled in every disciplinary action taken against a prisoner." Sims v. Dragovich, 1999 WL 37621 (E.D.Pa. 1999), affirmed, 43 Fed.Appx. 523, 2002 WL 1800793 (3d Cir. 2002).

### 1) Prong One - Constitutionally Protected Conduct

Plaintiff alleges that he suffered retaliatory conduct at the hands of Defendants after he filed grievances on October 23, 2007, November 5, 2007 and February 26, 2008. The filing of grievances is constitutionally protected activity that satisfies the first prong of the *prima facie* case of retaliation. Robinson v. Taylor, 204 Fed.Appx. 155, at * 157 (3d Cir. November 7, 2006), citing Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir.2003) and Davis v. Goord, 320 F.3d 346, 352-53 (2d Cir.2003).

However, Defendants have provided evidence that Plaintiff did not file any grievance on October 23, 2007. See Document # 21-2, page 2. Without a grievance, there is no constitutionally protected conduct that Plaintiff has alleged he was engaged in prior to the issuance of the November 2, 2007 misconduct.

Plaintiff has provided no evidence to the contrary as he must in order to defeat a motion for summary judgment. See Fed.R.Civ.P. 56(e)(2) ("when a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.").

Accordingly, Plaintiff has failed to establish a *prima facia* case of retaliation as to the issuance of the November 2, 2007 misconduct and the motion for summary judgment will be granted as to this claim.

### 2) Second Prong - Adverse Action

To show the "adverse action" necessary to fulfill the second prong, the prisoner plaintiff must demonstrate that defendants' action were "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights." Allah v. Al-Hafeez, 208 F.Supp.2d 520,535 (E.D. Pa. June 24, 2002), quoting Allah v. Seiverling, 229 F.3d at 225.

For the purposes of this motion, this Court will assume that the removal from a job and/or the non-reinstatement to a job constitute adverse action. See Davila-Bajana v. Holohan, 2007 WL 4302132 (W.D. Pa. 2007). Additionally, cell searches and the resulting confiscation of property (if motivated solely by retaliatory motive) satisfy the adverse action prong. See Medina v. City of Philadelphia, 2004 WL 1126007, at * 7 (E.D.Pa. 2004) ("Certainly, confiscation [of personal property] could deter a prisoner from exercising his constitutional right to petition the court to redress future grievances.").

### 3) Third Prong - Causal Connection

In analyzing the third element of the retaliation test, the court must determine whether there is a causal connection between the exercise of the constitutional rights and the adverse actions. "A suggestive temporal proximity between the protected activity and an alleged retaliatory act may be sufficient to meet the causal link requirement of the *prima facia* case." Allah v. Al-Hafeez, 208 F.Supp.2d at 535, citing Rauser, 241 F.3d at 330 and Johnson v.

Rendell, 56 F.Supp.2d 547, 552 (E.D. Pa. 1999).

For the purposes of this motion, this Court will assume that the suggestive temporal proximity between the filing of the grievances and the alleged retaliatory acts (which are alleged to have occurred in November of 2007 and March of 2008) satisfy the third prong of Plaintiff's *prima facia* claims of retaliation.

### 4) Shifting burden - Legitimate Penological Interest

Following the satisfaction of a *prima facie* case of retaliation, the burden then shifts to the defendants to demonstrate, by a preponderance of the evidence, that their actions would have been the same, even if plaintiff were not engaging in the constitutionally protected activities. Carter, 292 F.3d at 158. "Once a prisoner has demonstrated that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser, 241 F.3d at 334.

### November 2007 - Denial of Job by Defendant Heckler

According to the allegations of Plaintiff's complaint, Defendant Heckler is responsible for Plaintiff's removal from and inability to resume his previous prison job as a tutor. Document # 3, ¶¶ 4-8, 11-12. However, Defendants argue that Defendant Heckler is responsible for neither Plaintiff's loss of his tutoring position nor the non-reinstatement of Plaintiff to his former position. Defendants have provided evidence in support of this argument.

<u>See</u> Document # 21-2, Exhibits 3 and 4, pages 14-27.  The evidence reveals that Plaintiff was removed from his tutoring position as a result of the November 2, 2007 misconduct issued by Mr. Smay (not a defendant in this case).  <u>Id.</u>  Again, Plaintiff has not refuted this evidence in any way as he must under the Federal Rules of Civil Procedure in order to defeat a motion for summary judgment.

The unrefuted evidence reflects that Plaintiff's removal from his tutoring position was based upon a legitimate penological interest (a misconduct) and Defendant Heckler was not responsible for Plaintiff's non-reinstatement.  Accordingly, summary judgment will be awarded in favor of Defendant Heckler.

**March 2008 - Cell Searches by Defendants Hewitt, Grinnell, Ransom and Thomas**

In support of their motion for summary judgment, Defendants have provided evidence that the cell search conducted in March of 2008 served a legitimate penological interest.  On March 26, 2008, a random search of Plaintiff's cell was conducted and several items of contraband were confiscated.  Document #21-2, Exhibit 5, pages 28-31.  As a result of Plaintiff's possession of contraband and Plaintiff's failure to report the contraband, a misconduct was issued to Plaintiff.  <u>Id.</u>  Plaintiff pled guilty to the misconduct and was sanctioned with thirty days cell restriction.  <u>Id.</u>  Plaintiff has provided no evidence in opposition.

The evidence before this Court demonstrates that Defendants' actions of the cell search, as well as the resulting confiscation of contraband and issuance of the misconduct were related to a legitimate penological interest.  Accordingly, summary judgment will be granted in their favor on this claim.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NING YUAN        )  |  |
|     Plaintiff        )  |  |
|                          )  |  |
| vs.                      )  | C.A.No. 08-201Erie |
|                          )  |  |
| HAROLD HECKLER, et al., ) | Magistrate Judge Baxter |
|     Defendants.   )  |  |

## <u>O R D E R</u>

AND NOW, this 22nd day of December, 2009;

IT IS HEREBY ORDERED that the motion for summary judgment filed by Defendants [Document # 21] is GRANTED.  The Clerk of Courts is directed to close this case.

                                          S/ Susan Paradise Baxter
                                          SUSAN PARADISE BAXTER
                                          United States Magistrate Judge